UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


HENRY KUEHN and
JUNE P. KUEHN                                                              PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 1:08CV577-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY et al                    DEFENDANTS


### <u>ORDER GRANTING MOTION TO QUASH AND FOR PROTECTIVE ORDER</u>

Before the Court is Defendant State Farm's [54] Motion to Quash or for Protective Order.
Plaintiffs filed a complaint alleging that State Farm wrongfully denied them coverage under their
homeowner's policy for damage caused by Hurricane Katrina.  The only discovery presently
being conducted in this case regards the appraisal process and award.  All other discovery has
been stayed.  Hence, the dispositive issue is the conduct, scope, and  propriety of the appraisal.
Plaintiffs seek to enforce the appraisal award.  To this end, the parties have deposed John Minor
and Edward O'Leary, the respective appraisers for State Farm and Plaintiffs on the appraisal
panel.  During the course of Minor's deposition, it came to light that State Farm's counsel, Scot
Spragins and Lawrence Tucker, communicated with Minor regarding the appraisal process.
Plaintiffs filed a motion to disqualify attorneys with the law firm of Hickman, Goza & Spragins,
PLLC.  Plaintiffs then noticed the depositions of Spragins and Tucker, which are scheduled to
occur on March 30, 2009.  Defendant filed the instant motion in response to the notices of
deposition and related document requests.

Defendant argues that the deposition and document request of its attorneys are improper
because other means exist to obtain the information, and the information is neither relevant to the

central issues of the case nor crucial to the preparation of this case.  Plaintiffs counter that the deposition testimony goes to the conduct of the appraisal because Spragins and Tucker gave Minor instructions about how to perform this particular appraisal.  Plaintiffs assert that Spragins and Tucker attempted to influence Minor and interfere with the appraisal process, which points to evidence of bad faith, fraud, and breach of contract.

Depositions of opposing counsel are disfavored generally and should be permitted only in limited circumstances.  *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999).  As a general rule, a request to depose opposing counsel provides good cause to issue a protective order.  *Id.*  A deposition of opposing counsel will not be permitted unless the proponent can show (1) no other means exist to obtain the information than to depose opposing counsel;  (2) the information sought is relevant and non-privileged;  and (3) the information is crucial to the preparation of this case.  *Id.* at 208.

The Court finds that Plaintiffs have failed to meet their burden of demonstrating that these depositions should be allowed to go forward.  First, other means exist to obtain the information.  Plaintiffs have deposed Minor and O'Leary, the two men who conducted the appraisal.  Minor testified as to his contacts and communications with State Farm's counsel.  All written communications between Minor and State Farm's counsel have been produced.  Second, the information that Tucker or Spragins might possess is not relevant to the ultimate issue of whether to enforce the appraisal award.  Although Plaintiffs try to tie this into issues of bad faith, the Court is only addressing the appraisal issue at this time.  Discovery is stayed as to all other claims.  In their complaint, Plaintiffs request that the appraisal award be enforced.  Illogically, Plaintiffs are attempting to enforce the result of the appraisal, yet at the same time want to cast

2

doubts on the validity of the process by which the appraisal result was reached.  The depositions of Spragins and Tucker do not aid Plaintiffs in achieving their goal of enforcing the appraisal award.  Third, even if information from Spragins and Tucker were deemed relevant, it is not "*crucial* to the preparation of this case." *Nguyen*, 197 F.3d at 208 (emphasis added).  In their effort to make this case about the conduct of State Farm's attorneys, Plaintiffs have lost sight of the central issue presently before the Court; i.e. whether the appraisal should be enforced and the extent to which damage to Plaintiffs' property is covered by their homeowner's policy.

IT IS THEREFORE ORDERED AND ADJUDGED that the [54] Motion to Quash and for Protective Order is GRANTED, and that the depositions of Scot Spragins and Lawrence Tucker shall not go forward, nor are they required to produce documents requested in conjunction with the depositions.  The Motion for Stay is found to be MOOT.

SO ORDERED, this the 27th day of March, 2009.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE