UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HENRY KUEHN AND JUNE P. KUEHN                                    PLAINTIFFS

V.                                                CIVIL ACTION NO. 1:08cv577-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                               DEFENDANT

### ORDER

This Court has before it Defendant's [63] Motion for Summary Judgment and the Plaintiffs' [36] Motion to Disqualify Counsel. The present controversy concerns an appraisal conducted pursuant to an order of a state court. Defendant challenges the validity of the appraisal. Plaintiffs ask the Court to enforce the appraisal in accordance with the appraisal provisions of the policy.

The procedural history of this litigation may be summarized as follows: Plaintiffs triggered the appraisal provision initially in the state court action; Defendant sought to remove that case to this Court; this Court remanded it to state court on the premise that Plaintiffs were not seeking an adjudication of liability at that time; and an appraisal was conducted pursuant to an order issued by the state court. Plaintiffs have filed the instant case to enforce the appraisal.

The appraisal was made by a panel consisting of two appraisers (one selected by Plaintiffs and the other by Defendant) and an umpire (selected by the appraisers). The key issue is whether the appraisal comports with the policy provisions and with state law.

The appraisal purports to assess wind damage only, implying that the appraisers made a determination of causation, i.e., the appraisers decided what damages were caused by wind (a covered risk) and what damages were caused by storm surge flooding (an excluded risk). State law normally prohibits appraisers from deciding contested issues of fact, including the issue of causation. But by consent of the parties, which may take different forms, appraisers can be authorized to make a determination of causation. The essential question is whether, by word or deed, Defendant consented to the appraisal panel making the determination of causation in this instance, i.e., whether Defendant consented in any way to what is in effect an arbitration of the causation issue by the panel.

After thoroughly reviewing all the material in the record, the Court finds that the question of consent is open at this point. There is no evidence of an engagement letter or any other writing explicitly stating what the appraiser named by Defendant was authorized to do. The

appraiser the Defendant named apparently believed he was authorized to appraise the wind damage, and the authorization would necessarily imply the power to determine the issue of causation. Thus, Defendant has not conclusively shown that it limited the authority of its appraiser or of the panel to an assessment of all damages caused by the storm, consistent with the normal limited role of appraisers under state law. The same may be said as to whether Defendant empowered its appraiser or the panel to assess wind damage only, thereby authorizing the panel to decide causation. If Defendant explicitly or implicitly consented to having the appraisers assess wind damage only, thereby authorizing the panel to address the issue of causation, the appraisal will be as valid and binding on all parties as the decision of a panel of arbitrators would be.

Thus, there are genuine issues of material fact concerning the instructions Defendant gave or did not give to the appraiser it named. If the Defendant instructed the appraiser it named in any manner to assess wind damage only, Defendant has consented to the panel making the determination of causation. State law does not prohibit such an agreement, essentially authorizing the panel to act as arbitrators. If Defendant did not give its appraiser such a broad mandate, i.e., if the Defendant instructed its appraiser instead to assess total damages from all causes, then the appraisal is inconsistent with these instructions, inconsistent with state law, and invalid to the extent it addressed the contested issue of causation. These fact issues preclude the entry of summary judgment on the validity of the appraisal.

Defendant also raises the issue of whether the appraiser appointed by the Plaintiffs was truly disinterested, as is required by the order of the state court. That is an issue properly raised in that Court.

Plaintiffs have not met the heavy burden of showing that the testimony of Defendant's counsel is necessary, and their [36] Motion to Disqualify Counsel will be denied for the reasons stated by the Magistrate Judge in his [61] order disallowing discovery on this issue. This denial is without prejudice to the right of the Plaintiffs to renew their motion if they can make the showing outlined in the [61] order.

Since the trial of this case has been bifurcated, the issue of the validity of the appraisal will be decided after an evidentiary hearing that the courtroom deputy will be instructed to schedule. Since there is little if any discovery necessary to reach this issue, the hearing will be scheduled without delay.

Accordingly, **IT IS ORDERED:**

Defendant's [63] Motion for Summary Judgment is hereby **DENIED**;

Plaintiffs' [36] Motion to Disqualify Counsel is hereby **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this the 19th day of June, 2009.

                                                                            s/ L. T. Senter, Jr.
                                                                            L. T. SENTER, JR.
                                                                            SENIOR JUDGE