UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HENRY KUEHN AND JUNE P. KUEHN                                              PLAINTIFFS

V.                                                   CIVIL ACTION NO. 1:08cv577-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                                          DEFENDANT

# ORDER

On June 19, 2009, this Court entered an [72] order denying Defendant's [63] Motion for Summary Judgment, and denying without prejudice Plaintiffs' [36] Motion to Disqualify Counsel. Defendant has filed a [74] Motion for Reconsideration of this Court's [72] Order Limited to the Issue of Disinterestedness.

Defendant's current motion takes this Court to task for finding that the issue of whether the appraiser selected by Plaintiffs as part of the state court-ordered appraisal process should have been raised in the state court. The appraisal process set forth in Plaintiffs' homeowners policy issued by Defendant, which is the subject matter of Defendant's [63] Motion for Summary Judgment and, for that matter, Plaintiffs' [36] Motion to Disqualify Counsel, first came to this Court in Civil Action No. 1:06cv723. For the limited purposes of the instant order, it is sufficient to note the Court determined in that cause of action, since Plaintiffs only requested declaratory and injunctive relief requiring Defendant to honor the appraisal provisions of its policy and the requisite jurisdictional amount was not then in controversy, there was no subject matter jurisdiction. The action was remanded to the Chancery Court of Jackson County, Mississippi, from which it was removed, for further proceedings.

Upon remand, the chancery court signed an order providing "an appraisal shall proceed in accordance with the terms of the State Farm insurance policy. *The Court will retain jurisdiction of this matter to resolve any disputes between the parties arising in the course of the appraisal.*" (Emphasis supplied) It is gross understatement to say the instant cause of action involves a dispute between the parties arising from the appraisal. This Court will be happy to address the relevant substance of Defendant's points.

In addition to arguing this Court did not cite "any discernable [sic] legal principle" for deferring to the state court, other than the chancery court's order which incorporated the relevant policy language, Defendant goes so far as to suggest it is entitled to summary judgment on the question of the disinterestedness of the appraiser selected by Plaintiffs as part of the process. This obviously focuses convenient attention on the conduct of others as opposed to its own contributions to the appraisal process, including but not limited to Defendant's admission in remand-related discovery (i.e., before the matter was returned to state court) that the term "loss"

in its appraisal provision refers to "covered loss," as well as Defendant's instructions to its own appraiser once the process began (i.e., after the matter was returned to state court).

Nevertheless, Defendant's major complaint against the appraiser selected by Plaintiffs is primarily limited to correspondence related to his initial contact with Plaintiffs long before the appraisal provision was triggered and the order was entered by the chancery court. Defendant offers nothing significantly specific regarding the appraisal process itself, and it is clear once it began Plaintiffs' appointed appraiser was not acting alone, but was joined by an appraiser chosen by Defendant and an umpire selected by the two appraisers. There are no separate loss estimates to gauge the different values assigned by each; indeed, the AWARD is signed by all three. In addition, Plaintiff's appraiser was known to Defendant's appraiser and the umpire before the appraisal took place.

This Court agrees with Plaintiffs that Defendant fails to point out any actual improper conduct by any member of the appraisal team. The umpire in this particular case observed that an appraiser advocates on behalf of the particular client, whether a policyholder or an insurance company, and concluded the appraisal was "fair and lawful." While that legal conclusion is not binding on the Court, the conclusion bears on the issue addressed here.

It could also be argued, on Plaintiffs' behalf, that–through a lack of proper direction– Defendant never believed the appraisal would succeed or be meaningful. At one point, Defendant's counsel stated to Plaintiffs' counsel he had "never understood why you insisted on going through a process which would bring your clients no closer to the resolution of their claims. You have only cost them time and money."

Perhaps Defendant's lack of understanding remains to be determined; the validity of the appraisal certainly does. However, it will not depend on whether the appraiser selected by Plaintiffs was disinterested. The Court holds, under the circumstances presented here, Defendant has failed as a matter of law to establish he was not.

Accordingly, **IT IS ORDERED:**

Defendant's [74] Motion for Reconsideration is **GRANTED IN PART** (to the extent the Court now addresses the merits of Defendant's claim the appraiser selected by Plaintiffs was not disinterested) and **DENIED IN PART** (in all other respects).

**SO ORDERED** this the 17th day of July, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE