IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HENRY KUEHN
AND JUNE P. KUEHN                                                                    PLAINTIFFS

VERSUS                                                    CIVIL ACTION NO. 1:08CV577-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY
AND JOHN DOES 1 THROUGH 10                                                       DEFENDANTS

**PLAINTIFFS' RESPONSE TO
STATE FARM'S [89] MOTION FOR RECONSIDERATION
OF THE AUGUST 17, 2009 MEMORANDUM
OPINION [85], AMENDED ORDER [88] AND JUDGMENT [87]
AND TO STATE FARM'S SUPPORTING [90] MEMORANDUM**

COME NOW the Plaintiffs, HENRY KUEHN and JUNE P. KUEHN, by and through their attorneys of record, DENHAM LAW FIRM, PLLC, and would file their response to the [89] Motion for Reconsideration of the August 17, 2009 Memorandum Opinion [85], Amended Order [88] and Judgment [87] and the supporting [90] Memorandum filed by Defendant, State Farm Fire and Casualty Company, and would show as follows:

1.      The Defendant's request for the Court to reconsider its Memorandum Opinion [85], Amended Order [88] and Judgment [87] and reduce the amount awarded by $41,168.97 is without merit and should be denied.

**I.      Introduction**

   **A.   Evidence and arguments not previously presented are barred from consideration under a Rule 59(e) motion.**

2.      State Farm misunderstands the purpose of a motion under Rule 59(e) of the Federal Rules of Civil Procedure, and much of the relief it requests cannot be granted through its motion. "A district court has the discretion to grant a Rule 59(e) motion only in very narrow

1

circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002)(quoting *Collison v. Int'l Chemical Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)("A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error,* or if there is an intervening change in the controlling law'")(citations omitted, emphasis in original). State Farm's motion asks the Court to consider a great deal of information and evidence which it simply **failed to introduce** during the evidentiary hearing in this matter, as well as arguments that it did not make previously. "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." *Hill*, 277 F.3d at 708 (citation omitted). **State Farm is limited to the evidence put on at the evidentiary hearing**. Additional evidence cannot be put on *ex post facto*, and State Farm is stuck with what it chose to put on at the hearing. Accordingly, any evidence which State Farm asks the Court to consider, but which was not put on at the hearing, must be excluded from consideration in this Court's ruling on State Farm's 59(e) Motion. Nor should the Court consider arguments that State Farm withheld until its current motion.

     **B.**    **State Farm is estopped from arguing that the appraisal was flawed when its own acts and omissions were the sole cause of any alleged errors.**

     3.    State Farm now attempts to argue that it should have stipulated in advance as to specific items of loss to be appraised prior to the appraisal going forward. State Farm's conduct estops it from changing the past, however. State Farm cannot fail to specifically instruct its own appraiser and then use its own inadequate instruction as grounds to set the appraisal aside. The

Kuehns always simply asked that their loss be appraised, and State Farm apparently agreed to the same. No evidence to the contrary was put on at the evidentiary hearing. State Farm simply asked its appraiser, John Minor, to appraise "the loss," and the only written instructions Minor received from Lucky Tucker (who State Farm chose not to put on as a live witness at the evidentiary hearing) asked that he do just that, and nothing more. See Exhibit "A," Copy of Hearing Exhibit "P-8" Letter from Tucker to Minor. Tucker simply enclosed many documents, including a copy of the State Farm insurance policy and the Chancery Court Order which required an appraisal in accordance with State Farm's policy; and sent Minor a check, with **no instructions whatsoever**. See Exhibit "A" (P-8); see also Exhibit "B," Hearing transcript excerpts of Minor's testimony, pp. 35-36. Accordingly, Minor appraised the loss as State Farm trained him to do, in the **exact same way** that he performed twenty or so other appraisals for State Farm, as he was trained to do by Dannye Smith (a State Farm manager) and Jack Land (a State Farm attorney). See Exhibit "B," Testimony Minor, pp. 25-27, 59, 61. He further testified that Martha Montgomery and Jack Land[1] specifically reiterated these previous instructions specifically as to Kuehn. Exhibit B," Testimony Minor, pp. 46-50. **Tucker refused to send specific written instructions even when Minor *requested* them**. Exhibit B," Testimony Minor, pp.46, 50. Minor testified that he conducted himself, as did the appraisal panel, in the way he had always done appraisals for State Farm in accordance with the letter from Tucker and his training/conversations with the aforementioned State Farm employees and agents. Exhibit B," Testimony Minor, pp. 54-55. State Farm admitted, in writing to Minor, "**We take the blame in**

---

[1] State Farm disingenuously attempts to say that because Jack Land was simply a lawyer for State Farm, Minor should not have considered him to have authority to instruct him. It should be noted that Lucky Tucker is simply another attorney for State Farm, and State Farm attempts to hang its hat on the instructions that *he* supposedly gave, but refused to testify to. State Farm also attempts to bring in facts that are not in evidence whatsoever by asserting that Martha Montgomery was simply a receptionist, and that neither she nor the other persons mentioned had authority to speak for State Farm. It did not present any evidence at the hearing as to this or any apparent lack of authority by Ms. Montgomery or the others. In fact, Minor testified that he had dealt with Montgomery, Smith and Land on the other appraisals he had done for State Farm. See Exhibit "B," Testimony Minor, p. 47.

3

**not being able to properly articulate your task.**"  See Exhibit "B," Testimony Minor, p. 62; Exhibit "C", Copy of Hearing Exhibit "P-17" letter from Spragins to Minor (emphasis added).

4.  Further, State Farm's policy requires appraisers to appraise "**covered loss**."[2] The appraisal panel did so, **without any specific limitations** other than that they were to appraise the Kuehns' Hurricane Katrina loss.  State Farm is **equitably estopped** from now attempting to allege impropriety of the appraisal process.  "In order to establish equitable estoppel, a party must show a change in position in reliance upon the conduct of another and detriment caused thereby."  *Thomas v. Bailey*, 375 So. 2d 1049, 1052 (Miss. 1979)(citing *Birmingham v. Conger*, 222 So. 2d 388 (Miss. 1969)).

5.  Clearly, State Farm took the position that Plaintiffs were entitled to appraisal, and entered into an agreed Judgment in Chancery Court stating same.  Later, in the letter from Spragins to Minor, it can be inferred that **State Farm knew from the beginning that it was not going to pay the appraisal**; State Farm apparently thought it would try to teach the Kuehns a lesson by going forward with an appraisal it knew it would later argue to be flawed.

6.  Despite its best efforts, however, the appraisal went forward properly, according to each and every witness put on at the evidentiary hearing.  Plaintiffs, reasonably relying on the fact that State Farm would comply properly with its policy and engage in the appraisal process in good faith, then ceased to pursue the matter with their attorneys.  The appraisal went forward as planned, and an award was entered.  State Farm unquestionably took the position for many months that the appraisal process was proper under the terms of State Farm's policy.  It unequivocally stated so on numerous occasions.

---

[2] Counsel for State Farm claimed in closing argument that Tucker instructed Minor to appraise the total loss rather than the covered loss.  See Exhibit "D," Transcript of second day, p. 21-22.  Clearly, if Tucker so instructed Minor, he did so in contravention with the policy's terms, making even more apparent State Farm's efforts to convolute and sabotage this appraisal.

7. State Farm's own policy mandates payment of the covered loss within 60 days of the entry of an appraisal award. See Exhibit "E," Copy of Hearing Exhibit P-1 Homeowners Policy. Sixty days and more passed from the date of the appraisal award with no action whatsoever from State Farm. Mr. Kuehn attempted, in April of 2008, to get State Farm to pay what it owed without having to resort further to attorneys or litigation. Again, State Farm simply ignored him. During the months after the appraisal award was entered in February 2008, State Farm never once complained or petitioned the Chancery Court to address any alleged problems in the appraisal process. In fact, it did quite the opposite, suggesting to Plaintiffs that the process occurred properly, was complete, and that the Chancery matter should be dismissed. Only after Plaintiffs had to bring their attorneys back into the matter, and after said attorneys began engaging in communication with State Farm as to why the award had not been paid, did State Farm attempt to disagree with the process or introduce ambiguity. State Farm did not actually complain or allege any impropriety in the process until Plaintiffs were forced to file a lawsuit in federal court for the bad faith nonpayment of their claim. Plaintiffs relied upon State Farm's position and on its contract for months while suffering without adequate payment from State Farm on their homeowners policy, and indeed, had to again resort to attorneys to attempt to resolve the matter. Plaintiffs forbore litigation for many months, further delaying the resolution of their claim, based on the reasonable position that State Farm would act in accordance with the terms of its own policy and representations. State Farm did not do so, and here we are.

**II.    Validity of the judgment numbers.**

8. State Farm argues that several of the judgment numbers were incorrect, without having made any of these arguments to the Court, or presenting any testimony or evidence as to same at the hearing. The purpose of a Rule 59(e) Motion for Reconsideration is limited to

certain narrow circumstances, and is limited to evidence actually presented as opposed to new evidence and arguments. While any clerical errors are certainly correctable, State Farm is barred from making new arguments ex post facto in a Rule 59(e) motion. Accordingly, its request for reconsideration as to these items should be denied.

### III.     Authority of the appraisers to appraise losses covered by the policy.

9.      Again, as is made clear above, the appraisal panel was charged simply with determining the "amount of [covered]" loss under the homeowners policy State Farm sold to the Kuehns. Law and Ordinance coverage, ALE coverage, and personal property are all covered under the subject policy of insurance, and hence are part of the Kuehns' "covered loss." If State Farm wished to limit its instructions to its appraiser further, it should have done so. At the very least, it should have acted through the Chancery Court if it had any disagreement with an appraisal of the total amount of covered loss under the homeowners policy, since that is exactly what its appraisal clause provides. State Farm completely failed to present any evidence of instructions to its appraiser on these issues, and cannot rewrite history, no matter how much it wanted, from the very outset, to teach the Kuehns a lesson by sabotaging the appraisal. State Farm attempts to read additional requirements into the policy, but they simply are not there. The policy provides that the appraisal award **shall** set the amount of covered loss under the policy, and it did so here.

### IV.     Validity of the appraisal under Mississippi law.

10.     The Court was correct in its interpretation of Mississippi law, and the appraisal is unquestionably valid. The appraisal panel appraised only damage that was undisputedly above the flood line, and appraised only the amount of the **covered** loss.[3] Even State Farm admits that

---

[3] Unlike the situation in *Munn*, State Farm's policy provides for appraisal of **covered** loss rather than the **total** loss (covered and non-covered elements). State Farm admitted this freely in the evidence presented to the Court. The

6

it does not contend the damage above the flood line was caused by the excluded element of flood. See Exhibit "F," Excerpt from Hearing Exhibit P-26, p.101. Accordingly, there was no causation issue to be decided at all. The appraisers set the amount of the covered loss, and State Farm refused to pay it. State Farm further contends that the appraisal was invalid because O'Leary was not "disinterested" (a term not defined in its policy of insurance). This Court has already ruled on that issue, and State Farm presented no new evidence on that issue. O'Leary was never financially interested in the outcome of the appraisal, and would be paid the same regardless of the result. Further, the appraisal panel unanimously conceded that the appraisal went forward properly and lawfully, the same as the other appraisals they had performed. Accordingly, State Farm's motion is without merit and should be denied.

## IV. **Conclusion.**

11. Based upon the foregoing and the following exhibits, the Defendant is not entitled to reconsideration of the Court's [85] Memorandum Opinion, [88] Amended Order or [87] Judgment. Therefore, Plaintiffs request that State Farm's [89] Motion for Reconsideration of the August 17, 2009 Memorandum Opinion [85], Amended Order [88] and Judgment [87] should be denied in its entirety. Any issue in State Farm's [89] Motion for Reconsideration or its accompanying [90] Memorandum not specifically addressed herein is, out of an abundance of caution, denied.

   a.   Exhibit "A" – Copy of Hearing Exhibit P-8 (Letter from Tucker to Minor).

   b.   Exhibit "B" – Evidentiary Hearing Transcript Excerpts, testimony of John Minor.

   c.   Exhibit "C" – Copy of Hearing Exhibit P-17 (E-mail from Spragins to Minor).

---

problem in *Munn* was that the appraisers refused to consider part of the total loss the policy required to be appraised, which is very unlike the situation here. State Farm apparently alleges that by determining covered loss instead of total loss, the appraisal was improper, but this does not stand in the face of its admissions. See Exhibit "D," Closing argument by State Farm, pp. 21-30. This Court should not countenance State Farm attempting to argue out of both sides of its mouth.

7

    d.    Exhibit "D" – Evidentiary Hearing Transcript Excerpt, State Farm closing argument.

    e.    Exhibit "E" – Copy of Hearing Exhibit P-1 (Homeowner Policy).

    f.    Exhibit "F" – Excerpt from Hearing Exhibit P-26 (Rick Moore Deposition).

12. Because of the concise and complete nature of this Response, Plaintiffs respectfully request that they be excused from the necessity of filing a separate memorandum of authorities in support of their Response to State Farm's [89] Motion for Reconsideration and its supporting [90] Memorandum.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, HENRY KUEHN and JUNE P. KUEHN, respectfully request that the Court DENY State Farm's [89] Motion for Reconsideration of the August 17, 2009 Memorandum Opinion [85], Amended Order [88] and Judgment [87].

Respectfully submitted,

**HENRY KUEHN AND JUNE P. KUEHN**

BY: DENHAM LAW FIRM, PLLC

BY: ___*s/Kristopher W. Carter*_
      KRISTOPHER W. CARTER
      MS Bar No. 101963

CERTIFICATE

I, KRISTOPHER W. CARTER, do hereby certify that I electronically filed the above and foregoing *Response to State Farm's [89] Motion for Reconsideration of the August 17, 2009 Memorandum Opinion [85], Amended Order [88] and Judgment [87] and to State Farm's Supporting [90] Memorandum* with the Clerk of the Court utilizing the ECF system, which provides notification of said filing to the following:

H. Scot Spragins
sspragins@hickmanlaw.com

Hickman, Goza & Spragins, PLLC
Post Office Box 668
Oxford, MS  38655-0068

John A. Banahan
john@bnscb.com
H. Benjamin Mullen
ben@bnscb.com
Bryan, Nelson, Schroeder, Castigliola & Banahan
P.O. Drawer 1529
Pascagoula, MS 39568-1529

    SO CERTIFIED on this the 17th day of September, 2009.


       *s/Kristopher W. Carter*
       KRISTOPHER W. CARTER


EARL L. DENHAM, MS Bar No. 6047
earl@denhamlaw.com
KRISTOPHER W. CARTER, MS Bar No. 101963
kris@denhamlaw.com
DENHAM LAW FIRM, PLLC
424 Washington Avenue (39564)
Post Office Drawer 580
Ocean Springs, MS 39566-0580
228.875.1234 Telephone
228.875.4553 Facsimile