IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HENRY KUEHN AND JUNE P. KUEHN                                                  PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 1:08CV577-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY
AND JOHN DOES 1 THROUGH 10                                                     DEFENDANTS

### PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE FARM'S [96] MOTION TO COMPEL INSPECTION OF PLAINTIFFS' PROPERTY

COME NOW the Plaintiffs, HENRY KUEHN AND JUNE P. KUEHN, by and through their attorneys of record, DENHAM LAW FIRM, PLLC, and would answer the [96] Motion to Compel Inspection of Plaintiffs' Property filed by Defendant, State Farm Fire and Casualty Company, and would show as follows:

1. State Farm Fire and Casualty Company contacted Plaintiff's counsel to request available date for its engineer to inspect Plaintiffs' property. Plaintiff's counsel notified State Farm that because this is an appraisal case, not a wind-water case, causation is not at issue in this litigation, and thus inspection by an engineer in order to determine causation is not warranted.

2. State Farm alleges that the instant case is identical to other Katrina cases which were subject to this Court's Order permitting inspections for discovery purposes; however, the issues in the matter are related solely to the appraisal, which has already been held, and not to causation. The Court will surely recall that this case was bifurcated at State Farm's instance, over Plaintiffs' objection, and now, having asserted the bifurcation on every possible occasion to limit Plaintiffs' discovery, it wants to deviate from its insistence on bifurcation solely because it finds itself hoist on its own petard.

1

3. State Farm also refers to the *Abney* order in reference to a Motion for Protective Order filed by the plaintiffs in the *Abney* case, but the *Abney* order is not relevant to the instant case. In *Abney*, the plaintiffs were attempting to prohibit State Farm from conducting multiple inspections. The Court upheld the appraisal Award in the instant case, and the trial is related solely to the appraisal and State Farm's failure to pay the Award, not to causation.

4. "Relevant evidence" is defined in F.R.E. 401 as "evidence having any tendency to make the existence of <u>any fact that is of consequence</u> to the determination of the action more probable or less probable than it would be without the evidence." [Emphasis added.] The issue is would an inspection and any report prepared by State Farm's experts related to the inspection be relevant to the facts that are at issue in the litigation of this case. Such an inspection by an engineer would have been germane to the matters already litigated, but it has no relevance whatsoever to the issues which remain. None at all. The appraisal has been conducted and there is an appraisal Award. Plaintiff's appraiser, State Farm's appraiser and the Umpire reviewed all of the information in the claim file and information provided by the Plaintiffs related to damages and a decision was reached as to <u>damage above the flood line only</u>. State Farm already conceded that any damage above the flood line could only have been caused by wind; therefore, there is no need for further inspections or obfuscation of the issues by allegations of wind versus water damage as any information obtained by State Farm should be inadmissible. See F.R.E. 403.

5. The inspection requested by State Farm simply can not result in any information that is "<u>relevant</u>" to the remaining issues in this case, therefore State Farm's Motion should be denied.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, HENRY KUEHN AND JUNE P. KUEHN, respectfully requests that the Court DENY the Defendant, State Farm Fire and Casualty Company's [96] Motion to Compel Inspection of Plaintiffs' Property.

    Respectfully submitted,
**HENRY KUEHN AND JUNE P. KUEHN**

BY: DENHAM LAW FIRM, PLLC

BY: ___s/Earl L. Denham_
    EARL L. DENHAM,  MS Bar No. 6047

## CERTIFICATE

I, EARL L. DENHAM, do hereby certify that I electronically filed the above and foregoing *Plaintiffs' Response to State Farm's [96] Motion to Compel Inspection of Plaintiffs' Property* with the Clerk of the Court utilizing the ECF system, which provides notification of said filing to the following:

John A. Banahan    john@bnscb.com
H. Benjamin Mullen    ben@bnscb.com
Bryan, Nelson, Schroeder, Castigliola & Banahan
P.O. Drawer 1529
Pascagoula, MS 39568-1529

H. Scot Spragins    sspragins@hickmanlaw.com
Hickman, Goza & Spragins, PLLC
Post Office Box 668
Oxford, MS  38655-0068

SO CERTIFIED on this the 9th day of December, 2009.

_s/Earl L. Denham_
EARL L. DENHAM

EARL L. DENHAM, MS Bar No. 6047
KRISTOPHER W. CARTER, MS Bar No. 101963
DENHAM LAW FIRM, PLLC
424 Washington Avenue (39564)
Post Office Drawer 580
Ocean Springs, MS 39566-0580
228.875.1234 Telephone
228.875.4553 Facsimile