UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


HENRY KUEHN AND JUNE P. KUEHN                                        PLAINTIFFS

V.                                                      CIVIL ACTION NO. 1:08CV577-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                 DEFENDANTS
AND JOHN DOES 1-10


**ORDER**

Since the entry of an [86] order declaring the validity of the appraisal award, as [88] amended, and the [87] Judgment reflecting that decision, Defendant State Farm Fire and Casualty Company (State Farm) filed two [106] [107] notices of offers of judgment pursuant to Fed. R. Civ. P. 68.  Neither was accepted.

Settlement discussions continued between counsel for the respective parties and, at least as to the monetary amount, agreement was reached.  Plaintiffs now seek [108] to enforce the "settlement agreement" as binding.  The facts, documents, and legal authority on which they rely do not support this request.

There is no executed settlement agreement before the Court; instead, there is only one piece of correspondence from Plaintiffs' counsel to State Farm's counsel, dated May 17, 2010.  The body of that letter is as follows:

> My folks have considered your offer over the weekend and are willing to accept $[redacted amount] to settle their claim against State Farm.
>
> *The release language should simply be standard language without any reference to confidentiality, as that has not been any part of our discussion.*

(Emphasis supplied)

In Mississippi, "[t]he law favors settlement of disputes by agreement of the parties and, ordinarily, will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching."  *Welsh v. Mounger*, 883 So. 2d 46, 48 (Miss. 2004) (citation omitted).  Further, "[s]ettlements are contracts, which are enforceable according to their terms."  *Parmley v. 84 Lumber Co.*, 911 So. 2d 569, 572 (Miss. Ct. App. 2005), *cert. denied*, 920 So. 2d 1008 (Miss. 2005) (citation omitted).  The *Parmley* decision also recognized that "[a]n attorney is presumed to have the authority to speak for and bind his client," 911 So. 2d at 573 (citation omitted), and that the "agreement may be established by the actions of the parties, or that of their respective

agents." *Id.* at 572 (citation omitted).

There is no formal written agreement or release memorializing the "settlement" in this case. This is not fatal, for a settlement may exist without a release being signed. *Id.* at 573. *See also Hastings v. Guillot*, 825 So. 2d 20, 23 (Miss. 2002) ("[A] release and settlement statement were prepared and sent to counsel . . . . Had there been no meeting of the minds, there would have been no such documentation prepared. Without a meeting of the minds, the attorneys would have proceeded with the case, not prepared settlement documents."); *Ammons v. Cordova Floors, Inc.*, 904 So. 2d 185, 191 (Miss. Ct. App. 2005) (quoting *Hastings*).

The usual elements of a valid, binding contract are two or more contracting parties; consideration; a sufficiently definite agreement; parties with legal capacity to make the contract; mutual assent at the time of its formation; and no legal prohibition precluding the contract being made. *See generally Stellar Group v. Pilgram's Pride Corp.*, 2007 WL 955293, at *4 (S.D. Miss. 2007) (citations omitted). This Court finds that the elements of sufficient definiteness and mutual consent are lacking, as there was no meeting of the minds on the settlement, on which Plaintiffs, who claim the benefit of the settlement, have the burden of proof. *Viverette v. State Highway Commission of Mississippi*, 656 So. 2d 102, 103 (Miss. 1995).

Plaintiffs' counsel does not dispute that in thirty-four (34) prior cases in which he represented plaintiffs against State Farm in Hurricane Katrina litigation, each included confidentiality language. It is not enough to distinguish the instant case from the others merely because this is the only one that involves an appraisal. It is still a lawsuit arising from damage caused by Hurricane Katrina.

While it is true that Plaintiffs are not obligated to settle on the same terms as other clients represented by their counsel, State Farm is not obligated to settle on different terms introduced by Plaintiffs' counsel. Indeed, Plaintiffs' counsel was no doubt aware of this history because he raised the notion of there being no confidentiality provision (different from the standard language used before) and, therefore, made it a part of settlement discussions subject to State Farm's agreement, which, given the current status, did not occur. The language used in *Hastings*, *supra*, to describe the failure of a meeting of the minds in *Viverette*, *supra*, is appropriate here: "there was a distinct confusion as to what the final settlement was." 825 So. 2d at 23.

The only authority cited by Plaintiffs, *Platcher v. Health Professionals, LTD*, 549 F. Supp. 2d 1040 (C.D. Ill.1040), in which a lengthy mediation was involved during which confidentiality was not mentioned by either party, is neither "identical" nor "controlling." In *Platcher*, the Defendant first attempted to raise the issue of confidentiality and then impose constructive notice on plaintiff's counsel of a policy of confidentiality followed by all state agencies. The paucity of evidence in the current record leads to the conclusion that there are no terms of a settlement agreement to enforce (or, for that matter, that no agreement was reached).

Accordingly, **IT IS ORDERED**:

Plaintiffs' [108] Motion to Enforce Settlement is **DENIED**.

**SO ORDERED** this the 14th day of June, 2010.

                                                s/ L. T. Senter, Jr.
                                                L. T. SENTER, JR.
                                                SENIOR JUDGE